IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **Deborah Russell** | ) | |
| | ) | **Case No. 3:20-cv-01028** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **District Judge Aleta A. Trauger** |
| | ) | **Magistrate Judge Alistair Newbern** |
| **Carol Elizabeth Tanner;** | ) | |
| **Thomas Dale Tanner;** | ) | **Jury Demanded** |
| **Jonathan Jacob Cole; and** | ) | |
| **Baker, Donelson, Bearman,** | ) | |
| **Caldwell & Berkowitz, PC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

Comes now the plaintiff, Deborah Russell, (Russell), through her attorney, and in support of her Amended Complaint for damages and injunctive relief sues the defendants, Carol E. Tanner (Carol Tanner), Thomas Tanner (Tanner), Jonathan Jacob Cole (Cole), individually and as shareholder, representative and agent of defendant Baker, Donelson, Bearman, Caldwell and Berkowitz, PC and Baker, Donelson, Bearman, Caldwell and Berkowitz, PC (Baker Donelson). In support of her Amended Complaint, Russell shows the following:

1. Russell is an individual citizen and resident of Davidson County, Nashville, Tennessee.

2. Carol Tanner is a citizen and resident of Davidson County, Tennessee. Carol Tanner is a joint owner of the house at 820 N. Summerfield Dr., Madison, Davidson County, Tennessee, which she uses as her primary residence. Carol Tanner is the former landlord of Russell.

1

3. Carol Tanner is married to defendant Thomas D. (Dale) Tanner, (Thomas Tanner) who is a citizen and resident of Davidson County, Tennessee and joint owner of the house located at 820 N. Summerfield Dr., Madison, Davidson County, Tennessee.

4. Cole is a citizen and resident of Davidson County, Tennessee and is being sued in his individual capacity and in his capacity as a partner attorney for Baker Donelson.

5. Baker Donelson is a Tennessee public company and law firm located and conducting business in Davidson County, Tennessee.

6. Russell is retired from her former employment at a local bank in Nashville, Tennessee after more than a decade in the banking industry.

7. Carol Tanner and Thomas Tanner jointly owned and operated rental property at various locations over a period of several years.

8. At all times relative hereto Cole was employed as a licensed Tennessee attorney, representative, shareholder and agent of Baker Donelson. Baker Donelson currently maintains a local office at 1600 West End Ave., Suite 2000, Nashville Tennessee. Cole practices law on behalf of Baker Donelson at this location.

## Jurisdiction and Venue

9. This court has original subject matter jurisdiction pursuant to 28 USC 1331 as a result of the defendants' violation of the following:

    a. Economic Espionage Act, 18 USC 1831

    b. Trade Secrets Act, 18 USC 1832, et. seq.

    c. Theft and infringement of Intellectual Property, 17 USC 102 (a) and 106

    d. Theft of property subject to copyright, patent, and trademark protection

    e. Aggravated Identity Theft, 18 USC 1028 A.

f.  18 USC 1030 - Illegal access and hacking of computer information. and revealing and disseminating computer information.

g.  Defamation.

10. Venue is proper under the authority of 28 USC 1391(b)(1)(2) because all events giving rise to the plaintiff's claims occurred in this district and the defendants reside or do business in this district.

## Facts

11. In 2006 Russell sued various defendants in the State Court for Davidson County, Tennessee, including Carol Tanner, Cole and Baker Donelson. Also included as a defendant was Hong Kong Shanghai Bank of China ("HSBC"), the client of Cole and Baker Donelson.

12. The state litigation has languished in the state trial courts from 2006 through the present and is still pending. There have been two appeals in that case to the Tennessee Court of Appeals. In both appeals, Russell proceeded pro se. The first appeal, Deborah Russell versus South Star Funding, LLC, Household/HSBC, et al., case number 2008 – 01703 – COA – R3 – CV was remanded to the trial court on June 7, 2012. The second appeal, Deborah Russell versus HSBC, et al., case number 2015 – 00197 – COA – R3 – CV was remanded to the trial court in June 2016.

13. In early May 2020, Carol Tanner prepared, in her own handwriting, a statement detailing her, her husband's and the defendant Cole's, individually and as agent of Baker Donelson, involvement in the theft of the intellectual and other property of Russell. Carol Tanner voluntarily appeared before an impartial Notary Public, at her request, and swore to the truth of her handwritten statements. A copy of Carol Tanner's affidavit is attached hereto as "Exhibit 1."

3

14. Carol Tanner and Thomas Tanner were Russell's landlords and had access to Russell's leased premises.

15. In November and December 2019, Russell was housesitting for a friend and was not staying in her leased premises. This was known to Carol Tanner, Thomas Tanner and Cole. Cole asked Carol Tanner and Thomas Tanner to assist him in obtaining information and property of Russell's located in Russell's leased premises in Carol Tanner's and Thomas Tanner's home. Cole's expressed intent was to obtain private and confidential information and property that could be used against Russell in her suit against Baker Donelson's client, HSBC, in the state litigation.

16. Cole told Carol Tanner that he (or Baker Donelson) would pay her for her assistance in stealing Russell's property and information. Carol Tanner's affidavit states that Cole paid her $5000 but, he paid more than that amount. Cole's explanation to the Carol Tanner and Thomas Tanner was that he intended to use the information to the advantage of his client, HSBC in the state litigation.

17. In November 2019 and December 2019 Carol Tanner went into Russell's leased premises, without her permission or knowledge, and at Cole's request sent him confidential, private and proprietary information, trade secrets and documents.

18. During November 2019 or December 2019, on at least one occasion, Cole and Carol Tanner went into Russell's premises without her knowledge or consent. While there, they made copies of Russell's private, confidential and proprietary documents on Russell's printer. At some point the printer ran out of ink and thereafter, Cole and/or Carol Tanner tried to replace the ink cartridge to no avail. They then stole a box of notebooks and documents belonging to Russell without her knowledge or consent. In addition to documents Cole wanted to use in the

4

case against his client HSBC, the box contained proprietary and confidential information and trade secrets unrelated to the HSBC case.

19. Russell was, at that time, entering into negotiations with potential partners, investors and/or purchasers with respect to her trade secrets, confidential and proprietary information.

20. Russell kept her work product in notebooks and did not save them on a computer.

21. The actions of Carol Tanner and Cole, in his individual capacity and as agent for Baker Donelson, as outlined above were the proximate cause and cause in in fact of Russell's injuries and damages.

22. The property, including the only version of Russell's confidential and proprietary information and trade secrets, stolen by Cole, Carol Tanner and Thomas Tanner, has never been returned.

23. Cole, individually and acting as agent for Baker Donelson, used the stolen confidential and proprietary information and documents to contact Russell's potential business associates with the express intention of harassing, defaming, and embarrassing Russell and damaging or destroying her business relationships.

24. Carol Tanner, Thomas Tanner, Cole and Baker Donelson engaged in numerous communications through several different means, including telephone calls, texts, and emails, both prior to the theft of Russell's property and after the theft of her property, to disseminate and publish the confidential and proprietary information and trade secrets that were stolen.

25. Carol Tanner, Thomas Tanner and Cole, individually and on behalf of Baker Donelson, also stole Russell's personal prayer journals, confidential medical, financial, banking and Social Security information in addition to her proprietary and confidential information and

5

trade secrets, which concern 3D bio printing and includes original creations, drawings, writings and creative projects. This information was confidential and proprietary; it was a trade secret and capable of copyright and trademark protection.

26. The defendants' actions constitute intentional conduct entitling Russell to an award of punitive damages and were the proximate cause and cause in fact of Russell's injuries and damages.

27. In addition to the injuries Russell suffered as a result of the theft, she was falsely arrested, maliciously prosecuted and falsely imprisoned in an environment at a time during which the Covid – 19 virus was raging, intentionally exposing her to the deadly virus. Her arrest was occasioned by Cole and the charges asserted included perjury based upon statements Russell made, all of which came from Carol Tanner's affidavit.

28. Russell took reasonable care and efforts to maintain the secrecy of her confidential proprietary information and trade secrets which were, before the theft, unknown to the public, including potential competitors, and which are the unique creation of Russell. Russell enacted safeguards to protect her trade secrets and proprietary information. Unfortunately, Russell was unable to protect herself from the theft of her property, trade secrets and proprietary information by her landlord and the adverse attorney in her state court lawsuit.

29. Carol Tanner, Thomas Tanner, Cole and Baker Donelson conspired with each other to intentionally, willfully and maliciously steal and misappropriate Russell's trade secrets and confidential and proprietary information and the acts of this conspiracy were the proximate cause and cause in fact of Russell's injuries and damages. In the course of their actions and in order to advance the goals of Carol Tanner, Thomas Tanner, Cole and Baker Donelson, these

defendants used telephones and, upon information and belief, their personal computers and devices as well as the computers and devices of Baker Donelson.

30. Cole and Baker Donelson sought to gain and use an unfair, unethical, and illegal advantage over Russell on behalf of their client, HSBC, in the state action.

31. In addition to committing illegal acts, Carol Tanner and Thomas Tanner breached their duties as landlords of Russell. This breach was the proximate cause and cause in fact of Russell's injuries and damages.

32. In addition to the injuries Russell suffered as a result of the theft, she was falsely arrested, maliciously prosecuted and falsely imprisoned in an environment at a time during which the Covid – 19 virus was raging, intentionally exposing her to the deadly virus. Her arrest was occasioned by Cole and the charges asserted included perjury based upon statements Russell made, all of which came from Carol Tanner's affidavit.

33. In addition to committing illegal acts, Cole committed unethical acts as attorney, attributable to Baker Donelson.

34. The defendants' actions, individually, collectively and in concert with each, which were the proximate cause and cause in fact of Russell's injuries and damages, constitute violation of the following:

    a. Economic Espionage Act, 18 USC 1831

    b. Trade Secrets Act, 18 USC 1832, et. seq.

    c. Theft and infringement of Intellectual Property, 17 USC 102 (a) and 106.

    d. Theft of property subject to copyright, patent, and trademark protection.

    e. Aggravated Identity Theft, 18 USC 1028 A.

    f. 18 USC 1030 - Illegal access and hacking of computer information.

    g.   and revealing and disseminating computer information.

    h.   Defamation.

    i.   False arrest.

35.    Russell asks for injunctive relief against the defendants which if not granted, she will cause het to suffer irremediable injuries.

## Request For Relief

Russell asks the Court to:

1.    Issue process to be served on each defendant requiring them to answer this amended complaint in accordance with law.

2.    Conduct a jury trial of this matter.

3.    Order the defendants to return all property, including documents and copies of documents, stolen from Russell.

4.    Enter a judgment in favor of Russell and against Carol Tanner, Thomas Tanner, Cole and Baker Donelson, jointly and severally, for damages in the amount of Six Hundred Million (600,000,000) Dollars.

5.    Enter a judgment for punitive damages against the defendants, jointly and severally.

6.    Grant Russell a permanent injunction prohibiting the Defendants from stealing property and information from Russell, from defaming Russell, and from disclosing, disseminating or otherwise using in any way the proprietary and confidential property, information and trade secrets belonging to Russell.

Respectfully submitted,

**WILLIAM C. KILLIAN**

By: _____
William C. Killian, TN BPR#002425
801 Broad Street, Ste. 428
Chattanooga, TN 37402
(423) 265-8804 - phone
(423) 267-5915 - facsimile
billkillian@cawpllc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 1, 2021**, a copy of the foregoing was forwarded by U.S. Mail to the individuals listed below.

LEWIS THOMASON, P.C.
R. Dale Bay
Paul Jordan Scott
P.O. Box 198615
Nashville, TN 37219-8615


HICKMAN, GOZA & SPRAGINS, PLLC
Dawn Davis Carson
Hal S. Spragins, Jr.
P.O. Box 16340
Memphis, TN 38186


on this 1st day of July, 2021.

By: _____
William C. Killian

9

# EXHIBIT

# 1

May 2, 202?

To Whom It May Concern

Affidavit

During the month of Nov 2019, I sent multiple E-mails & other forms of information to Baker Donelson to atu: Johnathan Cole to use notes & info that Deborah Russell had in her personal & confidential medical information about Debra. These items were kept in her personal & private room while she was a tenant in ~~her~~ our home.

I read her personal journal & documents without her permission or knowledge. Divulged personal information to damage her case and embarass her. Baker Donelson received this info.

At an earlier date some case files were thrown out!

I gave information to Johnathan Cole to use against Deborah. I told Cole that Deborah

2.

didn't have a recording of Cole cursing her on the phone, but she does.

I give oath this is true.
Carol E. Tanner

Part 2 of affidavit of Carol E. Tanner

I invaded Deborah's privacy by reading her personal journals & prayers. I am so sorry for taking anything out of Deborah's room + private belongings. It was copied & given to Baker Donelson. Baker Donelson wanted it, received it. We gave Deborah a deadline to move & we told Jonathan Cole at Baker Donelson. They used the deadline info to set a court date. We believed it would be to Deborah's detriment. We told Cole how much money was in Deborah's bank account. We received money from Baker Donelson for the information about Deborah. Amount of payment was $5,000.00 from Baker Donelson. We are so sorry that any of these bad things (horrible things!) were ever done to Deborah! I give oath that this statement is true! under penalty of perjury.

Carol E. Tanner

FURTHER THE AFFIANT SAITH



CAROL E . TANNER

CAROL E. TANNER, personally, appeared before me on this day of May, 2020 whom is personally known to me and/or who satisfactorily proved her identity and makes sworn oath for

the purposes stated herein.



NOTARY PUBLIC

stated he

My Commission Expires ( 1 00 zozg

My Commission Expires Nov. 6, 2023