# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| DEBORAH RUSSELL | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-1028 |
| Carol E. Tanner, Thomas D. Tanner, Jonathan Cole, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Clark J. Miller, State Farm Fire and Casualty Insurance Company, claims specialist

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Via Zoom | Date and Time: August 11, 2021, at 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and audiovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached list

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/14/2021

*CLERK OF COURT*              OR    *William C. Killian* (signature)

*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deborah Russell, who issues or requests this subpoena, are:

William C. Killian, TN BPR# 002425 801 Broad Street, Suite 428, Chattanooga, TN 37402  423/265-8804  billkillian@cawpllc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit A

1. Any and all documents in your files regarding claim number 42 – 14Q9 – 68G as verified in the attached letter dated December 18, 2020. The items should include but not limited to a copy of all Proof of Loss claim forms, purportedly bearing the signature of the said Deborah Russell, policy number 42 CEV 8754, as well as any documents in a "third-party claimant" from the State Farm Fire Casualty Claims as referenced in a letter of January 4, 2021, from Richard Crawshaw, a copy of which is attached hereto. As well as documents that verify that date and nature of the original claims, from whom they came, date, time and place reported, and a full and complete copy of the policy of insurance issued to Tom Tanner, policy number 42 CE, the 8754 and any other policies relating to claim number 42 – 14Q9 – 68G.

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



December 18, 2020

Deborah Russelll
PO Box 121333
Nashville TN 37212-1333

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

RE: Claim Number: 42-14Q9-68G
     Policy Number: 42CEV8754
     Date of Loss: November 30, 2020
     Our Insured: Tom Tanner

Dear Deborah Russelll:

We recevied a claim regarding your recent loss. A member of our team will review your claim and we'll contact you if we need additional information.

### Claim Information

Claim Number: 42-14Q9-68G
Date of Loss: November 30, 2020
Named Insured: Tom Tanner
State Farm® Contact Number: (844) 458-4300 Ext. 6103587422
Claims Office Hours: Mon-Fri: 8:30 AM - 5:00 PM
Sat & Sun: Closed

42-14Q9-68G
Page 2
December 18, 2020


Sincerely,

Clark J Miller
Claim Specialist
(844) 458-4300  Ext. 6103587422
Fax: (844) 236-3646
statefarmfireclaims@statefarm.com

*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 458-4300 Ext. 6103587422 to discuss sensitive information.*

State Farm Fire and Casualty Company

---

Take advantage of our self-service options
Go to statefarm.com® to easily review claim status, update direct deposit account information for claim payments and many other insurance and banking services.

Would you like to receive emails from State Farm? To update your profile preferences, go to statefarm.com®. After logging in, click on Profile and Preferences on the left navigation panel.

**Please Note:** *Protecting your personal information is important to us. You will be asked to log in with a user name and password each time you access these sites.*



Providing Insurance and Financial Services
Home Office, Bloomington, IL

January 4, 2021

Deborah Russelll
PO Box 121333
Nashville TN 37212-1333

State Farm
Fire Casualty Claims
PO Box 106169
Atlanta GA 30348-6169
FAX (844) 236-3646

RE: Claim Number: 42-14Q9-68G
    Date of Loss: May 1, 2020
    Our Insured: Tom Tanner
    Claimant Name: Deborah Russelll

Dear Deborah Russelll:

We are in receipt of your claim. You may obtain information regarding any actions available to a third party claimant by contacting the department, Consumer Insurance Services, 500 James Robertson Parkway, Nashville, Tennessee 37243, 1-800-342-4029, or electronically to that section's website, currently found at: https://tn.gov/commerce/topic/commerce-file-a-complaint.

Sincerely,

Richard Crawshaw
844-458-4300

State Farm Fire and Casualty Company

**Richard Crawshaw <richard.crawshaw.cbpk@statefarm.com>**

1/4/2021 2:00 PM

# 4214q968g

To DEBRUSSELL24@COMCAST.NET <debrussell24@comcast.net>   Copy DF - FIRE - Drop File Document <df-fire-cl@internal.statefarm.com>

Good afternoon

As we discussed today, this is a letter we mailed to you today.
I did not send you the lawsuit but if you need a copy of it let us me know.

Our defense attorney is:

Hickman, Goza and Spraigins PLLC
Attorney Hank Spraigins is the attorney handling the matter for us
119 S. Main St. Suite 500
Memphis TN. 38103-3659
901-881-9840

Thanks
Rich Crawshaw for Clark Miller  610-358-7422
State Farm Insurance Companies

- DocRetrievalServlet.pdf (401 KB)

Civil Action No. 3:20-cv-1028

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| **Deborah Russell** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 3:20-cv-01028** |
| v. ) | **District Judge Aleta A. Trauger** |
| ) | **Magistrate Judge Alistair Newbern** |
| **Carol Elizabeth Tanner;** ) | |
| **Thomas Tanner;** ) | **Jury Demanded** |
| **Jonathan Jacob Cole; and** ) | |
| **Baker, Donelson, Bearman,** ) | |
| **Caldwell & Berkowitz, PC** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE TO TAKE DEPOSITION

To:  Clark J. Miller, Claims Specialist
State Farm Fire and Casualty Insurance Company
c/o Matthew Evans, Esq.
Matthew.evans@kaygriffin.com
Kay Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, TN 37902

   You are hereby notified of the deposition of Clark J. Miller, Claims Specialist, State Farm Fire and Casualty Insurance Company, Phone Number 844-458-4300 Ext. 6103587422, Fax Number 844-236-3646, statefarmfireclaims@statefarm.com in the above-entitled cause on behalf of the Plaintiff, Deborah Russell. Said deposition is to be taken via Zoom on Wednesday, August 11, 2021, at 10:00 a.m. EDT pursuant to Federal Rules of Civil Procedure 30(b)(3) the deposition will be taken by stenographic and audiovisual means. Pursuant to Federal Rules of Civil Procedure 30(b)(4), request, by this notice, is being made for the parties to stipulate that the deposition may be taken by Zoom, unless there is objection, whereupon a motion will be filed before the court for such approval. Said deposition will take place on said day and will continue from day to day, if necessary, until completed before a notary public duly qualified in or for the above county and state who is not of counsel for either of the parties to nor a relative nor employee of such counsel or attorney interested in this cause, at which time and place you are notified to appear and take such part in said examination as you may be advised and shall be fit and proper all according to Rule 30 (b)(1) and (2) of the Federal Rules of Civil Procedure.

   Dated this 14th day of July 2021 in Chattanooga, Tennessee.

Respectfully submitted,

**WILLIAM C. KILLIAN**

By: _____
William C. Killian, TN BPR#002425
801 Broad Street, Ste. 428
Chattanooga, TN 37402
(423) 265-8804 - phone
(423) 267-5915 - facsimile
billkillian@cawpllc.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 14, 2021**, a true and correct copy of the foregoing was duly served upon:

LEWIS THOMASON P.C.
R. Dale Bay
Paul Jordan Scott
P.O. Box 198615
Nashville, TN 37219-8615

HICKMAN, GOZA & SPRAGINS, PLLC
Dawn Davis Carson
Hal S. Spragins, Jr.
P.O. Box 16340
Memphis, TN 38186

Clark J. Miller, Claims Specialist
State Farm Fire and Casualty Insurance Company
c/o Matthew Evans, Esq.
Matthew.evans@kaygriffin.com
Kay Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, TN 37902

Via email and followed by placing a copy of the same in the United States mail, property addressed with sufficient postage affixed thereto to carry same to its destination.

By: _____
William C. Killian