# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| DEBORAH RUSSELL | * |
|     Plaintiff, | * |
| v. | *    No. 3:20-CV-01028 |
| | * |
| CAROL ELIZABETH TANNER; | * |
| THOMAS TANNER; | * |
| JONATHAN JACOB COLE; and | * |
| BAKER, DONELSON, BEARMAN, | * |
| CALDWELL & BERKOWITZ, PC | * |
|     Defendants. | * |

## MEMORANDUM OF LAW IN SUPPORT OF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO QUASH SUBPOENA AND NOTICE TO TAKE DEPOSITION OF CLARK J. MILLER

Non-Party State Farm Fire and Casualty Company ("State Farm") submits this Memorandum of Law in support of its contemporaneously filed Motion to Quash Subpoena and Notice to Take Deposition of Clark J. Miller ("Miller"):

## INTRODUCTION

Plaintiff Deborah Russell's ("Russell") Subpoena and Notice to Take Deposition of Clark J. Miller (collectively, "Subpoena") is nothing more than a fishing expedition. Russell has been fighting with Baker Donelson in some form for over 20 years. The present lawsuit concerns allegations that Baker Donelson attorney, Jonathan Jacob Cole ("Cole"), colluded with co-defendants Carol Elizabeth Tanner and Thomas Tanner ("Tanners") to steal information from Russell. Russell makes claims against all defendants for economic espionage, trade secret violations, theft of intellectual property, aggravated identity theft, computer hacking, unlawful dissemination of information, defamation, and false arrest. For reasons that are as mysterious as the rest of her claims, Russell now seeks to depose Miller, a former State Farm claims adjuster, and to obtain from Miller State Farm's claim files. The Subpoena seeks highly irrelevant information that is protected under the attorney-client privilege and

work product doctrine. State Farm, as the real party in interest, requests that this Court quash the Subpoena.

## FACTUAL BACKGROUND

Russell filed her complaint on November 30, 2020, alleging that defendants had conspired to steal her information to concoct a defense to state court litigation that has been ongoing for over 2 decades. [*See generally* Doc. 1]. Russell alleged 8 separate counts against defendants, ranging from economic espionage to conversion. [*Id.*]. Neither Miller nor his employer, State Farm, were referenced or alluded to in the complaint. [*Id.*].

On July 7, 2021, Russell filed an amended complaint. [Doc. 72]. This amended complaint contains the same sweeping allegations against defendants, though in a much more succinct fashion. [*Id.*]. Again, neither Miller nor his employer, State Farm, were referenced or alluded to in the amended complaint. [*Id.*].

Yet just 1 week after the filing of this amended complaint, Russell served the Subpoena on undersigned counsel, who does not represent Miller. (Attached as Exhibit A to the motion). Russell seeks to take the deposition of Miller on August 11, 2021. (*Id.*). Additionally, Russell seeks to compel the production of what is effectively the entirety of State Farm's claim file: "[a]ny and all documents in your files regarding claim number 42 – 14Q9 – 68G," including without limitation (1) "a copy of all Proof of Loss claim forms, purportedly bearing the signature of the said Deborah Russell, policy number 42 CEV 8754," (2) "documents in a 'third-party claimant' from the State Farm Fire Casualty Claims," (3) "documents that verify that date and nature of the original claims, from whom they came, date, time and place reported," and (4) "a full and complete copy of the policy of insurance issued to Tom Tanner, policy number 42 CE, the 8754 and any other policies relating to claim number 42 – 14Q9 – 68G." (*Id.*).

In requesting these documents, Russell references a letter in which Miller notes that State Farm received a claim filed by Russell against the policy of insurance maintained by Tom Tanner with State Farm. (*Id.*). Russell also references a letter in which State Farm employee, Richard Crawshaw, directed Mrs. Russell to the Tennessee Department of Commerce and Insurance for information about actions available to third parties against insurers. (*Id.*). In short, Russell seeks information controlled by State Farm from Miller regarding the claims Russell submitted to State Farm. (*Id.*).

Miller is no longer employed by State Farm and did not live, work, or transact business in Tennessee when he did. Undersigned counsel has had no contact with Miller. Miller has never authorized undersigned counsel to accept service. Undersigned counsel expressly informed counsel for Russell that he was authorized to accept service on behalf of Richard Crawshaw, but counsel for Russell chose to issue a subpoena to Miller and serve it on undersigned.

Undersigned counsel engaged in good faith efforts to resolve the issues raised by the Subpoena prior to filing the present motion. (Certification of good faith attached as Exhibit B to the motion).

**ARGUMENT**

This Court may quash a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter…; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). This Court "must balance the movant's need to be protected from undue burden against the defendant's need for the deposition." *HCP Laguna Creek CA v. Sunrise Senior Living Mgmt.*, 2010 WL 890874, 2010 U.S. Dist. LEXIS 21500, at *7-8 (M.D. Tenn. Mar. 8, 2010). State Farm need not show undue burden, however, if Russell cannot show the information sought is relevant to the claims or defenses in this case. *Id.* In weighing the need versus the burden, the Court should also consider the necessity of the information sought, whether it is available elsewhere, and the fact that the person from whom the information sought is a non-party. *Id.*

Here, the Subpoena should be quashed: (1) Miller does not possess or control the requested documents, as these are State Farm's documents; (2) the undue burden significantly outweighs any relevance the deposition and production would have; and (3) Russell seeks to compel Miller to comply beyond the geographical limits in Rule 45(c).

I. **Miller does not have possession or control of the requested documents, he cannot be compelled to produce them, and State Farm has standing to move to quash.**

Russell's Subpoena is directed to Miller, yet it seeks documents that belong to and are under the control of State Farm. A subpoena may only compel the production of documents in the subpoenaed party's "possession, custody, or control[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii). Where a party seeks the business records of a company through its employees, the party effectively requests that "these employees enter their employer's office and remove the employer's records, thereby engaging in an act of theft, [which] is an attempted abuse of the Court's processes." *Ghawanmeh v. Islamic Saudi Academy*, 274 F.R.D. 329, 332-33 (D.D.C. 2011). "An employee of an agency is without power to give to anyone the documents that are owned not by him but by his employer." *Madan v. Chow*, 2004 U.S. Dist. LEXIS 27401, at *4-5 (D.D.C. Dec. 17, 2004). Thus, Miller cannot be compelled to produce the documents requested as part of the Subpoena, all of which are business records possessed and controlled by State Farm, and the Subpoena should be quashed.

For the same reason—*i.e.*, because these are State Farm's documents—State Farm, as a non-party, has standing to make a limited appearance to move to quash the Subpoena. "[O]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action *unless the party claims some personal right or privilege with regard to the documents sought*." *Mann v. Univ. of Cincinnati*, 1997 U.S. App. LEXIS 12482 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). Here, as explained below, State Farm seeks to assert its own personal right and privilege with regard to the documents sought. As such, Miller cannot be compelled to provide the documents, and State Farm may make a limited appearance to

move to quash the Subpoena. *See Broadcort Capital Corp. v. Flagler Sec.*, 149 F.R.D. 626, 627-28 (D. Col. 1993) (non-party have standing to move to quash subpoena).

## II. The undue burden and harm to State Farm significantly outweighs any benefit to Russell.

The deposition of Miller and the documents Russell seeks are immaterial to Russell's claims against defendants. Miller and the documents can only shed light on the claim Russell filed with State Farm (information already within the possession of Russell). There is no evidence that said claim relates to the alleged conspiracy of defendants. Where the requested information is immaterial to the claims in the case, the Subpoena should be quashed. *See HCP Laguna Creek CA*, 2010 WL 890874, 2010 U.S. Dist. LEXIS 21500, at *7-8. "District Court[s are] well-advised to deny further pointless discovery concerning [] irrelevant matters." *Criss v. Kent*, 867 F.2d 259, 262 (6th Cir. 1988).

Even if there was some relation between the claims and the information sought by the Subpoena, the undue burden and harm to State Farm would significantly outweigh that negligible benefit. First, a number of the documents sought by Russell are protected by the attorney-client privilege. The documents potentially encompass a significant number of documents maintained in State Farm's claim file. A number of these will contain privileged communications between attorney and client. The attorney-client privilege "can be invoked to quash subpoenas, and it can supply the basis for protective orders." *Gaetano v. United States*, 942 F.3d 727, 733 (6th Cir. 2019).

Second, the claims file is also protected by the work product doctrine. When Russell filed the claim against the State Farm policy, the state court litigation was ongoing. State Farm, then, investigated the claim with an eye toward that litigation and in anticipation of additional litigation. Given Russell's litigious nature and penchant for alleging wild conspiracies, State Farm's anticipation of litigation was reasonable. *Alvey v. State Farm Fire & Casualty Co.*, 2018 WL 826379, 2018 U.S. Dist. LEXIS 21356, at *8-9 (W.D. Ky. Feb. 9, 2018) ("the Sixth Circuit and other district courts have held that insurance claim files were prepared in anticipation of litigation despite the fact that the insurance

companies were only investigating the potentially fraudulent claims"). A subpoena that seeks materials protected by the work product doctrine should be quashed. *Phipps v. Wal-Mart Stores, Inc.*, 2018 U.S. Dist. LEXIS 37396, at *5-6 (M.D. Tenn. Mar. 7, 2018).

Third, requiring the compilation of the requested documents would significantly impact State Farm (as they would be the party to compile the documents). State Farm would have to spend days compiling, reviewing, redacting, and producing the documents. It would then have to review said documents to prepare for production.

In short, the requested documents have no benefit, yet the undue burden and harm to State Farm is great. The Subpoena should be quashed.

## III. The Subpoena compels Miller to comply beyond the geographical limits in Rule 45(c).

A person may only be subpoenaed to a deposition "within 100 miles of where the person rides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). Likewise, a person may only be compelled to produce documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). Because Russell seeks to serve the Subpoena on undersigned, who has never been authorized to accept service by Miller, there is no evidence that Miller is within the 100-mile geographic boundary specified in Rule 45(c) for purposes of depositions and the production of documents. In fact, Miller's last known state of residence was Pennsylvania. A subpoena that seeks to compel deposition attendance or the production of documents so far outside the geographic boundary should be quashed. *See Adkisson v. Jacobs Eng'r Grp., Inc.*, 2018 WL 4997645, 2018 U.S. Dist. LEXIS 176711 (E.D. Tenn. Oct. 15, 2018).

## CONCLUSION

Russell alleges a conspiracy between the defendants, which they allegedly carried out to obtain damaging information against Russell for a defense to state court litigation. None of these wild allegations concern Miller or his employer, State Farm. The only relationship between Russell and

Miller/State Farm is that Russell filed a claim against a policy of insurance issued by State Farm. Miller is not in control of these documents. Finally, Russell has violated Rule 45(c).

WHEREFORE, State Farm respectfully requests that this Court quash the Subpoena.

Respectfully submitted this 30th day of July 2021.

**KAY GRIFFIN, PLLC**

*/s/ Matthew J. Evans*
Matthew J. Evans (BPR #017973)
matthew.evans@kaygriffin.com
900 South Gay Street, Suite 1810
Knoxville, TN 37902
(865) 314-8422

*Attorney for State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was properly served on all parties or their counsel of record via the court's ECF/CM system.

This 30th day of July 2021.

*/s/ Matthew J. Evans*
Matthew J. Evans