UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEBORAH RUSSELL,

    Plaintiff,

v.

CAROL ELAINE TANNER, et al.,

    Defendants.

Case No. 3:20-cv-01028

Judge Aleta A. Trauger
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

In this civil action, pro se Plaintiff Deborah Russell claims, in part, that Defendant Carol Tanner assisted other defendants in unlawfully obtaining Russell's intellectual property. (Doc. No. 72.) Central to Russell's claims is an assertion in her amended complaint that, "[i]n early May 2020, Carol Tanner prepared, in her own handwriting, a statement detailing her . . . [and others'] involvement in the theft of the intellectual and other property of Russell. Carol Tanner voluntarily appeared before an impartial Notary Public, at her request, and swore to the truth of her handwritten statements."[1] (*Id*. at ¶ 13.) Soon after this action was filed,[2] Russell was charged in Davidson County, Tennessee, with two counts of aggravated subornation of perjury related to Tanner's statement. *See Tennessee v. Russell*, Nos. GS921547, GS921548 (Metro. Nashville & Davidson Cnty. Gen. Sessions Ct. filed Dec. 16, 2020).[3] These charges are based on allegations

---

[1]     Russell appends Tanner's statement as an exhibit to her amended complaint.

[2]     Although it appears Russell was not charged until December 17, 2020, approximately two weeks after filing this case, the affidavit supporting the warrant for her arrest was sworn on June 18, 2020. (Doc. No. 39-2.)

[3]     A preliminary hearing on the charges was held on November 1, 2021, and the case has been bound over to the Davidson County Circuit Court. *See* Metropolitan Nashville & Davidson

that Russell obtained the statement by threatening the Tanners with arrest on several occasions. (Doc. Nos. 39-1, 39-2.)

When plaintiffs file claims "related to rulings that will likely be made in a pending or anticipated criminal trial . . . , it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). This common practice is undertaken for many reasons including to ensure that civil plaintiffs do not waive constitutional protections in criminal proceedings and to provide courts a complete record from which to determine if the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), applies. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 639 (6th Cir. 2007) (recognizing "common abstention practice" of staying § 1983 actions related to criminal cases in "pre-conviction setting" to protect plaintiffs); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (holding that a court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two").

Russell has stated a preference that this case proceed (Doc. No. 159).[4] However, the interrelation between Russell's civil claims and her pending criminal charges—which is apparent from the claims in both actions and underscored by the many references to the criminal

---

County Criminal Court Case Search for Deborah Russell, https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2242802%5E5418677%5ECJIS/DEBORAH%5ERUSSELL%5E08241953%5E599680/ (last visited Nov. 4, 2021).

[4]   The Court held a telephone conference in which Russell's criminal defense counsel participated on October 25, 2021. Counsel expressed his concern that Russell's constitutional protections could be compromised if this action went forward, particularly in light of Russell's pro se status in this Court.

proceedings made in Russell's filings here—counsels otherwise. The common course of abstention in a civil action while a related criminal case proceeds is appropriate.

The Court therefore STAYS these proceedings, with one exception. Russell has challenged the production of her case file by her former attorney Bill Killian. (Doc. No. 157.) Killian may respond to Russell's motion within fourteen days of its filing, and Russell may reply within seven days of the response. The Court will address Russell's motion when it has been fully briefed.

The hearing set on November 10, 2021, is CANCELLED.

Russell shall notify the Court within seven days of the conclusion of her criminal proceedings.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge