UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>CAROL ELAINE TANNER et al.,<br><br>    Defendants. | Case No. 3:20-cv-01028<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On November 4, 2021, the Court stayed these proceedings until pending criminal charges against pro se Plaintiff Deborah Russell are resolved. (Doc. No. 160.) Excepted from that stay are several motions filed by Russell challenging the production of her client file by her former counsel, William C. Killian, including two motions for leave to file documents under seal (Doc. Nos. 153, 162), a motion to enforce the Court's October 15, 2021 order requiring the production of her client file (Doc. No. 157), and a motion to compel Killian's deposition regarding the file's production (Doc. No. 167). (Doc. Nos. 160, 170.) Russell has also filed a request to schedule a hearing on these motions. (Doc. No. 171.) For the reasons that follow, Russell's motions to seal will be granted, and her request for a hearing, motion for production of her client file, and motion to compel Killian's deposition will be denied.

**I.    Relevant Background**

On September 7, 2021, the Court granted Killian's motion to withdraw as Russell's counsel in this action. (Doc. No. 111.) On September 20, 2021, Russell moved for a court order requiring Killian to produce her client file, stating that Killian had given her hard copies of his handwritten notes and some exhibits and had also provided her client file in electronic form via a Dropbox link,

but that Russell was unable to access the electronic file on her laptop. (Doc. No. 118.) Killian filed the affidavit of paralegal Jenny Burkhart, which confirmed that Burkhart had sent Russell "a Dropbox link to her complete electronic case file" on September 8, 2021, and, when Russell responded that she could not access the Dropbox files, Burkhart accessed the Dropbox link "and was able to view every document on the link with the exception of the email files with . . . .pst extensions." (Doc. No. 121-1, PageID# 2172–73.) Burkhart determined that the email files could be viewed with a free Microsoft Outlook conversion program and emailed Russell a link to that program and instructions for viewing the email files. (Doc. No. 121-1.) On September 16, 2021, at Killian's instruction, Burkhart copied "the entirety of Ms. Russell's electronic case file" and "the free Outlook converter/viewer program" "to a newly purchased flash drive," "double checked that all files were accessible, including the email .pst files, and mailed the flash drive to" Russell. (*Id.* at PageID# 2173.) On October 14, 2021, Russell filed a second motion for a court order requiring Killian to produce her file, arguing that she had not been able to access the electronic copies of her file and asking that Killian be required to provide her with a paper copy of her file. (Doc. No. 139.)

On October 15, 2021, the Court granted Russell's motions for production of her client file in hard copy and ordered Killian "to provide to Russell a hard copy of the contents of her entire client file by October 22, 2021." (Doc. No. 140, PageID# 2412–13.) Killian filed an affidavit in response stating that, "[o]n Wednesday, October 20, 2021, [he] mailed a package with a copy of every document [he] ha[d] in [his] possession in electronic and paper form from Ms. Russell's file in this matter to Ortale Kelley Law Firm";[1] [t]he package was delivered to Ortale Kelley Law Firm

---

[1] Attorneys from the Ortale Kelley Law Firm have entered a limited appearance on Killian's behalf in this action. (Doc. Nos. 141, 144.)

on Thursday, October 21, 2021"; and the Ortale Kelley Law Firm "confirmed receipt." (Doc. No. 152-1, PageID# 2463–64, ¶¶ 4–6.) Killian states that "[t]his package contains the entirety of Ms. Russell's file in" this case. (*Id.* at PageID# 2464, ¶ 7.) Killian also filed the affidavit of Scott Clifton, an employee of Ortale Kelley Law Firm, stating that "[o]n Thursday, October 21, 2021, a package from Cavett, Abbott, & Weiss, PLLC . . . was delivered . . . to Ortale Kelley Law Firm"; he "delivered the package to Ms. Deborah Russell at her home" "[o]n Friday, October 22, 2021"; and, "[i]n [his] presence, Ms. Russell executed a letter acknowledging receipt[.]" (Doc. No. 152-2, PageID# 2465, ¶¶ 3–5.) Killian also filed a delivery confirmation letter signed by Russell and dated October 22, 2021, which also includes a handwritten notation stating, "[t]his does not constitute that I have received the full or complete contents of my file. It only represents that on this date I have accept[ed] a box—contents are unknown at this time[.]" (*Id.* at PageID# 2467.)

On October 29, 2021, Russell filed a motion to enforce the Court's October 15, 2021 order, arguing that the box delivered to her on October 22, 2021, contained "a mish-mash of unorganized random papers [and] redundant copies . . ." that did not constitute her complete file. (Doc. No. 157, PageID# 2538.) Russell provided photographs of some of the box's contents and selected documents from her file (Doc. No. 156–156-3) with a motion to file those documents under seal based on attorney-client privilege (Doc. No. 153) and an affidavit stating that she "ha[s] not waived client privilege" and that she believes there are documents missing from the box. (Doc. No. 155-1, PageID# 2483.)

On November 10, 2021, Killian filed a response to Russell's motion to enforce the Court's prior order stating that, as articulated in Burkhart's affidavit, Russell was sent a Dropbox link to her entire electronic file on September 8, 2021; a flash drive containing her entire electronic file and Killian's file of emails related to her case on September 16, 2021; hard copies of handwritten

3

attorney notes; and hard copies of discovery received from Defendants Baker Donelson and Jonathan Cole's attorney, Dale Bay. (Doc. No. 161.) Killian further states that,

> [o]n October 20, 2021, 7,769 pages of documents consisting of [Russell's] electronic file, attorney notes, discovery from Dale Ba[y], and Killian's email file, were printed. The client file copies were categorized according to each separate electronic file folder and its contents by use of the Snip It capture tool. A copy of the Snip It file capture was placed on top of each printed file folder along with individual sticky notes labeling the sub-sections within each file folder. The hard copies were mailed via Next Day Air to Ortale Kelley Law Firm. The package was delivered to Ortale Kelley on October 21, 2021. On October 22, 2021, the package was personally delivered to [Russell] at her home at her requested time of 2:00 p.m., and [Russell] signed a letter acknowledging receipt.
>
> On November 4, 2021, out of an abundance of caution . . . Killian's "Sent" [email] folder was searched for [Russell's] name, and emails were printed totaling 198 pages. These additional documents were mailed to Ortale Kelley Law Firm. These documents were then mailed to [Russell] at her home address . . . .

(*Id.* at PageID# 2562–63 (citations omitted).)[2] Killian argues that Russell's motion for production of her file should be denied because he has provided Russell with her entire client file "on three (3) separate occasions" and because Russell has not identified any specific materials that have not been produced. (*Id.* at PageID# 2563.)

On November 16, 2021, Russell filed a second motion for leave to file documents under seal, again citing attorney-client privilege. (Doc. No. 162.) That motion states that Russell received a FedEx delivery on November 11, 2021, containing a collection of Killian's emails, but that attachments referenced in some of the emails were "intentionally deleted and excluded" from that

---

[2] Killian also filed a copy of a September 8, 2021 email from Burkhart to Russell containing a Dropbox link and accompanying letter from Killian (Doc. No. 161-1); a September 13, 2021 email from Burkhart to Russell providing instructions for accessing the email files provided at the Dropbox link (Doc. No. 161-3); a receipt for the purchase of a flash drive and file folders on September 16, 2021 (Doc. No. 161-4); a screenshot image of various computer files and folders (Doc. No. 161-6); a photograph of two boxes, with the top box open to show stacks of files bound by rubber bands and labeled with sticky notes (*id.*); and receipts for shipments from Chattanooga to Nashville dated September 8, September 16, October 20, and November 4, 2021 (Doc. No. 161-2, 161-5–161-7).

delivery. (*Id.* at PageID# 2580.) Russell filed an affidavit, a photograph of the FedEx delivery, and roughly fifty pages from Killian's email under seal. (Doc. No. 165.) She also filed a second affidavit reiterating that she believed the email file to be incomplete and that the emails "appear to have been edited" (Doc. No. 166-1, PageID# 2652), and a motion to compel Killian's deposition so that she can obtain testimony about his production of her client file (Doc. No. 167). Killian opposed the deposition (Doc. No. 169). On November 23, 2021, Russell filed a reply in support of her motion to produce the client file, which reiterates her argument that she received an incomplete copy of her client file.[3] (Doc. No. 168.)

## II. Analysis

### A. Russell's Motions for Leave to File Documents Under Seal

Russell has moved to seal documents filed in support of her motion for production of her client file, arguing that those documents are protected by attorney-client privilege. (Doc. Nos. 153, 162). Neither Killian nor any other party to this action has opposed filing those documents under seal.

"The public has a strong interest in obtaining the information contained in the court record[,]" and there is a "'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). This presumption of openness rest on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and

---

[3] Russell, who receives service by mail, states that she did not receive Killian's response in opposition to her motion for production of the client file until November 19, 2021. (Doc. No. 168.) Killian has not objected to the timeliness of Russell's reply, and the Court will consider the reply timely filed.

arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

The documents that are the subject of Russell's motions to seal (Doc. Nos. 156–156-3, 165) contain communications and materials relating to Killian's representation of Russell and litigation strategy in this action. The attorney-client privilege protects confidential communications between a lawyer and a client on matters relating to legal representation. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005). The work-product doctrine, which "'is distinct from and broader than the attorney-client privilege,'" protects documents prepared by a lawyer in anticipation of litigation. *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 304 (6th Cir. 2002) (quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986)). A client may waive either the attorney-client privilege or work-product protection "by conduct which implies a waiver of the privilege or a consent to disclosure." *Id.* at 294, 304 n.24.

While Russell has generally placed the sufficiency of Killian's production of her client file at issue in this case, her conduct does not imply that she has not waived attorney-client or work-product privilege with respect to the substantive contents of her client file. *See id.* The Court finds that Russell's interest in maintaining the confidentiality of her communications with Killian and Killian's work on her behalf outweighs the public's interest in disclosure. *See, e.g.*, *Abington Emerson Cap., LLC v. Landash Corp.*, No. 2:17-cv-143, 2020 WL 5035452, at *2–3 (S.D. Ohio Aug. 26, 2020) (finding that attorney-client privilege and work product doctrines justified granting motion to seal documents that "'show[ed] discussions regarding counsel's mental impressions and litigation strategy'"). Therefore, Russell's motions to seal will be granted.

**B.  Russell's Motion for Production of Her Client File and Related Filings**

The Tennessee Supreme Court's Rule of Professional Conduct 1.16(d)(4) requires an attorney to provide a client with "papers and property to which the client is entitled and any work product prepared by the lawyer for the client and for which the lawyer has been compensated[.]" Tenn. Sup. Ct. R. 8, RPC 1.16(d)(4). The Board of Professional Responsibility of the Supreme Court of Tennessee has adopted an "entire file" definition of "papers and property," under which "the client has an expansive general right to materials related to the representation and retains that right when the representation ends." Bd. of Pro. Resp. of the Sup. Ct. of Tenn., Formal Ethics Opinion 2015-F-160 (Dec. 11, 2015), https://www.tbpr.org/ethic_opinions/2015-f-160-client-files. "[T]he only file contents that the [Tennessee Court of Appeals has] found not to constitute part of the client file were the law firm invoices that were held to be accounts receivable records of the law firm." *Id.* (citing *Saroff v. Cohen*, No. E2008-00612-COA-R3-CV, 2009 WL 482498 (Tenn. Ct. App. Feb. 25, 2009)).

In recognition of this right, the Court ordered Killian to produce a hard copy of Russell's client file. (Doc. No. 140.) Having reviewed all the evidence filed by Russell and Killian, the Court

7

finds that Killian has fully complied with that order by printing Russell's entire "electronic file, attorney notes, discovery from Dale Ba[y], and Killian's email file" and causing those documents to be delivered to Russell on October 22, 2021 (Doc. No. 161, PageID# 2562), and by supplementing that production with additional emails that were delivered to Russell on November 11, 2021 (Doc. Nos. 161, 162). The selected portions of the client file that Russell has filed under seal—which include fewer than one hundred of the nearly eight-thousand pages of documents produced by Killian—do not show that Killian failed to comply with the court's October 15, 2021 order by omitting email attachments or other portions of Russell's client file. Nor is there any support for Russell's contention that the emails produced by Killian were edited before being delivered to her. Therefore, Russell's motion to enforce the Court's October 15, 2021 order will be denied.

Because the Court finds that neither additional discovery nor a hearing is necessary to determine that Killian has adequately produced Russell's client file, Russell's motion to compel Killian's deposition and request for a hearing will be denied.

### III. Conclusion

For the foregoing reasons, Russell's motions for leave to file documents under seal (Doc. Nos. 153, 162) are GRANTED. Russell's request for a hearing (Doc. No. 171), motion to enforce the Court's October 15, 2021 order (Doc. No. 157) and motion to compel Killian's deposition (Doc. No. 167) are DENIED.

This case remains STAYED until pending criminal charges against Russell are resolved. Russell is reminded of her obligation to notify the Court that the criminal proceedings against her have been resolved within seven days of their resolution.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge